ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RYOBI LIMITED,

Plaintiff

v.

TRUTH HARDWARE CORPORATION, and FKI INDUSTRIES, INC.,

Defendants.

Case No. 00-CV-2142 (DWF/SRN)

**STIPULATED PROTECTIVE ORDER**

WHEREAS, discovery (including interrogatories, document requests and depositions) in the above-entitled proceeding may involve the production or disclosure of trade secrets or confidential commercial, financial or business information, and

WHEREAS, counsel for the parties herein have consented to entry of this Order;

IT IS HEREBY ORDERED:

1. (a) The provisions of this Order shall apply to (i) the named parties to this proceeding; and (ii) counsel for the named parties to this proceeding, namely, Brinks Hofer Gilson & Lione; Heins, Mills & Olson, PLC; and Felhaber, Larson, Fenlon & Vogt, P.A. As used herein, "person" includes the named parties and others who have agreed to be bound by this Order; "parties" is limited to the named parties in this proceeding.

(b) The restrictions contained in this Order shall apply to both documents (including all copies, excerpts and summaries thereof) and information. The term "material" shall be used herein to refer to documents and information.

FILED MAR 07 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

2. (a) Any person, including a party producing information and material who is not a party to this Order such as a nonparty to this action, may designate as "CONFIDENTIAL" any non-public material which it produces in the course of discovery proceedings herein when such material contains trade secrets or confidential commercial, financial or business information. Except as otherwise provided herein, "CONFIDENTIAL" material shall be used only for the purpose of this proceeding, 00 CIV 2142 (DWF/SRN), and not for any business or other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except, as follows. "CONFIDENTIAL" material produced by the parties or by any non-party witness subpoenaed by the parties in this proceeding shall be made available only to:

(i) the parties' designated outside counsel and persons employed or otherwise retained by their outside counsel in paraprofessional, clerical, stenographic or ministerial positions;

(ii) three designated employees or officers of each party who will not disclose the information or documents obtained to anyone else, including his or her respective employers or employees;

(iii) independent, outside experts or consultants retained by the parties or their outside counsel for purposes of this proceeding; and

(iv) the Court.

If a party wishes to disclose "CONFIDENTIAL" material to an expert hired for the purpose of this proceeding or other persons, the party seeking to disclose the "CONFIDENTIAL" material shall obtain, retain and serve on opposing counsel a copy of the Confidentiality Undertaking attached to this Protective Order as Exhibit A, signed by the

expert. No "CONFIDENTIAL" material will be disclosed to such expert until opposing counsel has been given ten (10) business days (or such shorter time as counsel may agree in writing) after service of the signed Exhibit A in which to serve a Notice of Objection to such proposed disclosure setting forth each objection and the basis for such. If no objection is timely made, the disclosure can take place.

(b) Any person may designate as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" any "CONFIDENTIAL" material including, but not limited to, financial plans, marketing plans, business plans, customer lists and vendor lists, of which public disclosure may have an adverse effect on the commercial, business or financial position of the producing party. All provisions of this Order relating to "CONFIDENTIAL" information apply with equal force to information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY", with the added restriction that those individuals listed in category (ii) of paragraph (2)(a) are not entitled to access to such information.

(c) Material designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not include any document, information or other materials which:

(i) were lawfully in the possession of the receiving party prior to production;

(ii) are, at the time of disclosure, in the public domain by publication or otherwise through no fault of the receiving party;

(iii) are not under law entitled to be treated as confidential; or

(iv) is obtained by a party by legal means without any obligation of confidence to the party claiming its confidential nature.

(d) All pleadings or other material filed with the Court, which incorporate or disclose "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials, shall be filed under seal and shall remain under seal until such time as the Court orders otherwise. The party filing any document which reflects, contains or includes any "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information subject to this Protective Order shall file such document in a sealed envelope, or other appropriately sealed container, which indicates the title of this action, the party filing the materials, the nature of the materials filed, the appropriate legend, and a statement substantially in the following form:

> THIS ENVELOPE CONTAINING THE ABOVE IDENTIFIED PAPERS IS SUBJECT TO A PROTECTIVE ORDER OF THE COURT AND IS NOT TO BE OPENED OR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY THE COURT OR BY AGREEMENT OF THE PARTIES.

3. Any party may request at any time permission to disclose "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material to a person other than those permitted under Paragraph 2 above by serving a written request upon the producing person or its counsel that states the material it wishes to disclose, to whom, and a short explanation as to why disclosure would be appropriate. The producing party or its counsel shall thereafter respond to the request in writing within five (5) business days of its receipt of said request and, if consent is being withheld, shall state the reasons why consent is being withheld. A failure to respond within such time shall constitute consent to the request. If, where consent has been withheld, the discovering party and the producing party are subsequently unable to

agree on the terms and conditions of disclosure, disclosure may be only made on such terms as the Court may provide.

4. Designation pursuant to Paragraph 2 above shall be accomplished by employing the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as follows:

(a) In the case of documents, the appropriate legend shall be placed on the document prior to its production.

(b) In the case of information incorporated in answers to interrogatories, the appropriate legend shall be placed on the interrogatory answers, and such answers shall be separately produced.

(c) In the case of material revealed during a deposition, the original and all copies of the transcript of any such deposition shall be deemed "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material referred to in paragraph 2(b) of this Stipulated Protective Order for a period ending thirty (30) days after the transcript becomes available to counsel. During that thirty day period, such transcripts may be designated and marked in whole or in part, "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by counsel for the person or party who gave such deposition, and the portions of the transcript of the deposition so marked shall be subject to the provisions of this Stipulated Protective Order. All deposition material not specifically marked ceases to be protected by this stipulation after the expiration of the thirty day period.

5. Any party may object to the propriety of the designation (or redesignation) of specific materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by serving a written objection on the producing party or its counsel. The producing

party shall thereafter, within ten (10) business days of receipt of such objection, respond to such objection by either: (a) agreeing to remove the designation; or (b) stating the reasons why the designation was made. If the objecting party and the producing party are subsequently unable to agree, the objecting party shall be free to move the Court for an Order removing the disputed designation. The material in issue shall continue to be treated as designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the Court orders otherwise.

6. Nothing in this Stipulated Protective Order shall prevent any qualified counsel from utilizing "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material in the examination of any person who is (1) an employee or consultant of a party, and any of their successors or assigns, which designated the "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material; (2) reasonably believed to be the author or source of the "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material; (3) reasonably believed to have been a recipient of the "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material; or (4) reasonably believed to have been an employee or consultant of the producing party, or any of their successors or assigns, at the time the document was generated, irrespective of which party produced such information. Except as set forth in clauses (1) – (3) of the preceding sentence, a non-party witness may not be shown "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material except upon compliance with Paragraph 2 of this Order.

7. If a producing party inadvertently discloses to a discovering party information that is protected by the attorney-client privilege, attorney work-product immunity, or

otherwise immune from discovery, the producing party shall promptly upon discovery of such disclosure so advise the discovering party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the discovering party will return such inadvertently produced item or items of information and all copies thereof within ten (10) days of receiving a written request for the return of such item or items of information. The party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

8. This Order, insofar as it restricts the communication and use of material, shall continue to be binding throughout and after the conclusion of this litigation. In addition, at the conclusion of this proceeding, including all appeals:

(a) Each party shall turn over to their outside counsel all material produced by another person under Paragraph 2 above and counsel also shall take reasonable steps to reclaim any such materials from anyone else known to have received copies thereof.

(b) Within sixty (60) days after the conclusion of this litigation, including all appeals, each party's outside counsel shall return to outside counsel for the producing party all materials designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or shall destroy all such materials and certify in writing to outside counsel for the producing party that such destruction has taken place; and

(c) The provisions of Paragraphs 7(a) and (b) above, are not applicable to any material that became a part of the publicly available Court record in this proceeding (by

use as a trial or deposition exhibit, inclusion in material filed with the Court, inclusion in the record on any appeal, or otherwise).

9. A copy of this Order shall be given to each person (other than counsel, their associated attorneys and persons employed by counsel in paraprofessional, clerical, stenographic or ministerial positions) who will receive material designated under Paragraph 2 before being shown such material, and each such person shall be expressly advised that such material shall not be used or further disclosed contrary to the terms of this Order. In addition, each such person who is not employed by a named party shall agree in writing in the form annexed hereto as Exhibit A to be bound by the provisions of this Order, before being shown such material.

10. Any party may, on notice, apply to the Court at any time for modification of this Order.

CONSENTED TO BY:

Jerome Gilson
Jack C. Berenzweig
Robert S. Mallin
Thomas M. Williams
BRINKS HOFER GILSON & LIONE
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611-5599
(312) 321-4200

Samuel D. Heins (#43576)
Daniel E. Gustafson (#202241)
Karla M. Gluek (#238399)
HEINS MILLS & OLSON, P.L.C.
700 Northstar East
608 Second Avenue South
Minneapolis, Minnesota 55402
(612) 338-4605

**Attorneys for Plaintiff,**
**RYOBI LIMITED**

Dated: 2/23/01

Ruth S. Marcott
James A. Blomquist
FELHABER, LARSON, FENLON &
VOGT, P.A.
601 Second Avenue South, Suite 4200
Minneapolis, MN 55402

**Attorneys for Defendants,**
**DEFENDANTS**

Dated: February 14, 2001

SO ORDERED:

Dated: March 6, 2001

United States ~~District~~ Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RYOBI LIMITED,

Plaintiff

v.

TRUTH HARDWARE CORPORATION, and FKI INDUSTRIES, INC.,

Defendants.

Case No. 00-CV-2142 (DWF/SRN)

**CONFIDENTIALITY UNDERTAKING**

I have read the Protective Order entered by the Court on __________, 2001 in *Ryobi Limited v. Truth Hardware, et al*, Case No. 00-CV-2142 (DWF/SRN). I understand the provisions of such Protective Order and I understand the responsibilities and obligations such Protective Order imposes on persons viewing the material encompassed by the Protective Order. Pursuant to Paragraph 8 of the Protective Order, I hereby agree to be bound by all the provisions of the Protective Order, so as to enable me to review the material encompassed by the Order, and I hereby consent to the personal jurisdiction of the United States District Court, District of Minnesota, for any proceedings involving the enforcement of that Order.

EXECUTED this 16th day of January, 2001.

______________________________
Name

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.